# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

IN RE CORPS OF ENGINEERS,
  ATLANTA, GROUP 1,
         Appellant,[1]

                v.

DEPARTMENT OF THE ARMY,
         Agency.

DOCKET NUMBER
AT-0752-14-0236-I-1

DATE: September 29, 2016

## THIS FINAL ORDER IS NONPRECEDENTIAL[2]

Glenda Ashford, Decatur, Georgia, pro se.

Stephen F. Goodin, Atlanta, Georgia, pro se.

James C. Truelove, Atlanta, Georgia, pro se.

Frances B. Schleicher, Esquire, and Susan Weston, Esquire, Atlanta, Georgia, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

---

[1] The appellants who remain in this consolidation are set forth in Appendix A to this Order. This Order does not apply to the other appellants who did not petition the Board to review the initial decision.

[2] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**FINAL ORDER**

¶1        Three of the nine appellants in this consolidation have petitioned for review of the initial decision, which affirmed the agency's furlough action.  Generally, we grant petitions such as this one only when:   the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioners have not established any basis under section 1201.115 for granting their petitions for review.  Therefore, we DENY the petitions for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b). [3]

**NOTICE TO APPELLANTS ASHFORD, GOODIN, AND TRUELOVE
REGARDING YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

---

[3] The appellants contend on review that the administrative judge failed to rule on one of the appellant's motion to compel discovery.  In light of our disposition of these appeals, we find that the administrative judge's failure to rule on the motion to compel did not prejudice the appellants' rights and was therefore harmless error.  *E.g.*, *Ludlum v. Department of Justice*, 87 M.S.P.R. 56, ¶ 7 (2000) (finding that an administrative judge's failure to rule on a motion to compel discovery filed 6 days late was harmless error); *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (explaining that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD: _____
Jennifer Everling
Acting Clerk of the Board

Washington, D.C.

APPENDIX A

IN RE CORPS OF ENGINEERS, ATLANTA, GROUP 1
AT-0752-14-0236-I-1


| | |
|---|---|
| Glenda K. Ashford | AT-0752-13-3549-I-1 |
| James C. Truelove | AT-0752-13-3212-I-1 |
| Stephen F. Goodin | AT-0752-13-1203-I-1 |